JOHN WALPOLE *v.* JOSIAH RENFROE.

The mere fact that one of the partners acts as the cashier of the firm, would not, as a general rule, charge him with the funds he might receive and disburse in the course of business ; otherwise when fraud is charged.

Where irrelevant testimony is admitted, and does not justify the verdict of the jury, it will be set aside and the case remanded for a new trial.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J. *Landrum & Williamson*, for plaintiffs. *Hodge & Martin*, for defendant and appellant.

MERRICK, C. J. " The plaintiff alleges that the defendant and himself formed a partnership about the 26th September, 1855, and continued until about the 15th May 1857—that the object of the partnership was to sell meats in the Shreveport market, and to buy cattle, stock, &c., and ship them to New Orleans for sale. He alleges that he is the half owner of two slaves and certain other property mentioned in his petition, as having been purchased with funds of the said partnership. He also alleges that about the 31st May 1856, he paid certain individual debts of defendant, due to *Rosson*, agent, &c., and to other parties."

" He asked for judgment for one-half interest in the two slaves and other property, and for ten thousand dollars, his part of the profit of the partnership. He concludes by asking for a final settlement of partnership affairs."

" The defendant denies the existence of any partnership whatsoever between the plaintiff and himself, but admits ' That some time in September or October 1855, the plaintiff proposed or suggested to him to buy a lot of beef cattle which one ———— Ward was offering for sale, and that he (plaintiff) would join him in the purchase.' He admits the purchase as proposed, but avers that the plaintiff failed to furnish his part of the purchase price, and for that reason he does not consider him interested in the purchase. He admits that he was engaged in the business mentioned in the petition, during the time alleged, and had been so engaged for some time previous and subsequent; but avers that it was on his individual account, and denies that plaintiff ever paid or expended any money for him, or for any business in which he was interested. He admits that plaintiff paid *Rosson* and others for him, as alleged, but avers that it was with funds of his which plaintiff had received between the 21st of May and 5th of June 1856, during his absence."

" He denies that plaintiff has any interest in the slaves and other property mentioned in the petition. He avers that he realised no profits from the business referred to, but that in consequence of using his farm as a pasture for his stock during the year 1854, he lost his entire crop, which would have been worth a thousand dollars, and that he had several slaves employed about the business. He alleges that about the 6th of March 1856, he left home and was absent until the 16th of April, during which time the plaintiff, " acting as his friend and agent," received the proceeds of the sales in the market, which were deposited by his (defendant's) employee in the hands of one *William Solleder*, and which amounted to $2,740 65, for which he claims the plaintiff is liable to account."

" In conclusion he expresses his willingness to render an account of disbursements and receipts in the business in which he was engaged during the time referred to in the petition, if the Court should be of opinion that he was bound to do so."

" Upon these pleadings the case was tried before a jury, who returned a verdict

in favor of the plaintiff for 2,000 00, and from the judgment rendered thereon, the defendant appeals."

"The first question upon which the opinion of the court is asked, is presented by two bills of exception." 'The plaintiff offered *L. R. Grigsby*, as a witness, and asked him how much he had made as profits in the butchering business," to which defendant objected, "because the answer would be irrelevant, and was calculated to mislead the jury.' The court overruled the objection and admitted the testimony, for the following reasons : " 'because it was admissible and competent.'

"The witness, *R. B. Patterson*, was asked the same question ; the same objection was urged, but was overruled by the court, and the answer received for the *same reasons*."

The testimony of *Grigsby* and *Patterson* ought to have been excluded. It was in its nature irrelevant to the issue. The business of *Grigsby* may have been very profitable, and that of another man possessing equal means and ability may have been on the contrary, a losing affair.

Testimony of this kind instead of elucidating the point in controversy, tends to embarrass the consideration of the question by confounding it with an analogous subject, (viz :) the profit of another man. Such evidence is not confined to the issue.

On the merits, the testimony by no means justifies the verdict of the jury. The partnership is perhaps satisfactorily proven as to the business of supplying the market at Shreveport and steamboats with beef, &c. It is also shown that the market cart was paid for by the firm, and that some debts of *Renfroe* were paid in the same way. It is also shown that the defendant was in the habit, when present, of receiving the funds of the firm. It is not pretended by plaintiff in his petition that he ever advanced any of his own means for the business of the firm, and it is shown that he received the funds during defendant's absence, and also that on one occasion the partners had a settlement and adjusted their accounts. It is reasonable to presume that the beeves, sheep, hogs, game, &c., were bought by the partnership funds, and that they were advanced as needed by the partner acting as the cashier of the firm, for the time being. The mere fact, therefore, that the one or the other of the partners acted as the cashier of the firm, would not, as a general rule, charge him with the funds he might receive and disburse in the due course of business. If no fraud be charged, what he receives while engaged in the business of the firm is presumed to be on account of and deposited in the common treasury; what he disburses in like manner is supposed to be taken from the same. It is the exception when he pays out of his own funds.

There is no proof that any other property, except the cart, was bought with partnership funds, or on account of the partnership. The jury have found a round sum in favor of the plaintiff. It is evident that it is based on the specu-lative opinions of witnesses upon the profits or losses of other butchers, and the number of steamboats supplied, &c., and the profit which might be made per pound on beef, mutton, pork, &c. This kind of testimony is insufficient. It is not the office of a jury or a court to guess at results. The question here is, does *Renfroe* owe *Walpole* on a settlement of the partnership affairs. If so, let it appear, by showing the cost of the purchases, the expenses of the business, and the receipts or the surplus on hand. Let each partner be credited with what he has advanced, and charged with what he has withdrawn from the partnership,

WALPOLE
v.
RENFROE.

and what he has turned to his individual advantage. If proof be administered of these particulars, the Court will have facts and not speculations for the basis of a judgment.

The testimony as it now stands would perhaps entitle the plaintiff to a small judgment, but we .think justice requires that the case should be remanded in order to enable the plaintiff to call for the books kept by defendant, or advance further and more satisfactory proof, if it be in his power. See *Parker* v. *Jonte*, 15, An. 290.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be avoided and reversed, and that this case be remanded to the lower Court for a new trial, the plaintiff paying the costs of the appeal; and by reason of the agreement on file, it is further ordered that a copy of this decree be forwarded by the Clerk to the Sheriff or Coroner of the Parish of Caddo, for service on the plaintiff.

Mr. Justice LAND recuses himself, having been of counsel in this case for defendant.